Reedy v. Reichman.

REEDY v. REICHMAN.

1. Evidence: INSTRUCTIONS: LIBEL. Rulings and instructions in an action for libel considered and approved.

*Appeal from Marshall District Court.*

WEDNESDAY, APRIL 6.

ACTION for libel. The defendant was the publisher of a newspaper which, in one of its issues, contained a communica-

tion charging the plaintiff with knowingly selling diseased beef.

The answer admitted the publication, and justified it by alleging that it was true. Certain mitigating circumstances were also alleged. The case was commenced in the Tama District Court, where a trial was had, which resulted in a verdict for the plaintiff. The verdict was set aside and the venue was thereupon changed to Marshall county, upon the application of the defendant. Upon the second trial there was a verdict and judgment for the defendant. Plaintiff appeals.

*Brown & Binford,* for appellant.

*P. M. Sutton* and *W. A. Foster,* for appellee.

Rothrock, J.—The defendant, after the trial had commenced, amended his answer. Thereupon the plaintiff moved for a continuance, and supported the motion by affidavits. The court intimated that if certain portions of the amended plea of justification were allowed to remain, a continuance would be ordered. The defendants consented to strike out from their answer the parts indicated by the court, and the motion for a continuance was thereupon overruled.

It is urged that the overruling of the motion was error. After a careful examination of the original answer and the numerous amendments thereto, we do not think there was any abuse of the discretion reposed in the court in the ruling made. It does not appear that the amendment was such a departure from the answer already on file as to require the court to order a continuance upon the ground of surprise.

II. A number of errors are assigned upon the ruling of the court in the admission and rejection of evidence. The evidence is not all embodied in the abstract, but it is apparent that all of the rulings complained of were upon evidence which was proper and admissible upon the division

of the answer alleging mitigating circumstances. The evidence does not appear to be applicable to the plea of justification. The jury found for the defendant generally. The verdict, therefore, must have been upon the division of the answer which averred that the libellous charge was true. The court, in the third paragraph of its instructions to the jury, in very plain, clear and forcible language, said to the jury that the publication was libellous, and that it implied malice upon the part of the defendant, and that the plaintiff was entitled to recover unless the jury should find that the charges therein contained were true. The jury having, therefore, necessarily found that the charges were true, all the rulings upon evidence tending merely to mitigate damages became immaterial, and, if erroneous, were without prejudice.

III. Exceptions were taken to certain of the instructions given by the court to the jury, and to the refusal to give instructions asked by the plaintiff. We do not think the exceptions were well taken. It is useless to incorporate the instructions in this opinion. To do so would require more space than necessary, and the mere statement of those given would demonstrate their correctness. Those refused were in substance embodied in the instructions given, and in better form than as asked by the plaintiff. In short, our attention has rarely been called to instructions embodying the law, and all the law, applicable to the questions involved, in as clear, plain, concise and correct manner as the instructions in this case.

AFFIRMED.